Argued and submitted July 20, ballot title certified August 5, reconsideration denied
September 3, 1993

# Robert CRUMPTON,
*Petitioner,*

*v.*

# Phil KEISLING,
Secretary of State of
the State of Oregon,
*Respondent.*

(SC S40343)

855 P2d 1107

Charles S. Tauman, of Bennett & Hartman, Portland, argued the cause and filed the petition.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent.

FADELEY, J.

## FADELEY, J.

This ballot title review presents two issues: whether the ballot title certified substantially complies with statutory requirements, and whether the ballot titles for each of two separate but identical proposed initiative measures may be identical. Petitioner asserts that the certified title does not comply with the statute containing the requirements for such titles. Petitioner also asserts that a statute prohibits use of identical ballot titles for two separate initiative measures even though the measures are identical. We consider those contentions in the order stated.

The certified ballot title reads:

### "AMENDS CONSTITUTION: PUBLIC EMPLOYEES PAY PART OF SALARY FOR PENSION

"QUESTION: Shall Constitution require public employees to pay six percent of salary toward pension, bar pension increase from unused sick leave?

"SUMMARY: Amends Oregon Constitution. State government, some local governments now pay full cost of employee pensions. Law now permits pension increase from unused sick leave. Measure requires public employees to pay six percent of salary toward pension. Bars government on, after January 1, 1995, from contracting to relieve employees of contribution duty or to increase salary, benefits as offset. Bars government contracts to guarantee interest rate on public pension funds. Prohibits raising pension benefits from unused sick leave to employees retiring on, after January 1, 1995."

ORS 250.035(1) permits a maximum of 10 words for the Caption, 20 words for the Question, and 85 words for the Summary.[1] Petitioner complains, as he did in letters written

---

[1] ORS 250.035(1) provides:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

to the Secretary of State before the ballot title was certified, that the Caption and Question do not notify the voters of all subjects contained within the text of the initiative measure involved. In argument before this court, the Deputy Attorney General agreed, but indicated that the statutory limitations in number of words prevent covering all subjects in this complex measure.

■      The statutes provide that review by this court be a review for substantial compliance. ORS 250.085(4).[2] The question on review is not whether a more exact or better ballot title may be written, but only whether the one certified by the appropriate state official substantially complies with the requirements of statute.

■      Petitioner offers a proposed substitute ballot title that is within the word limits and that includes more of the subjects of the multi-faceted measure than does the certified title. Proposing a substitute for the title criticized is a requirement of the rules for a petition for review of a ballot title. ORAP 11.30(4)(a). That requirement is not intended to present a simple choice between what petitioner proposes and the title that was certified, however. Substantial compliance with the statutory requirements is sufficient to save the certified title. Petitioner's proposed substitute does point out that, when completeness is served, clarity of communication about the contents of the measure may be lessened.[3] Even assuming that petitioner's proposed substitute is a "better title," because it is more inclusive, would not necessarily permit substitution of that title for a certified ballot title that substantially complied with the statutes. *See Priestley v. Paulus*, 287 Or 141, 145, 597 P2d 829 (1979) (the court's role is to determine whether title complies with statute; the court

---

[2] ORS 250.085(4) provides:

"The court shall review the title for substantial compliance with the requirements of ORS 250.035 and 250.039 [readability requirements], and shall certify a title meeting this standard to the Secretary of State."

[3] For example, petitioner's proposed Caption and Question provide:

"AMENDS CONSTITUTION:
PERS: REDUCE BENEFITS, INCREASE COSTS,
PROHIBIT GUARANTEED RETURN.

"QUESTION: PERS: Shall Constitution require public employees to pay 6% of salary, bar unused sick leave to increase pension, guaranteed return."

does not determine whether petitioner's proposed title is better).

Petitioner's only complaint concerning substantial compliance is that some subjects of the multi-subject measure are left out. Where that result reasonably follows from the word limitations imposed on the various parts of the title by the legislature, that does not equal a failure substantially to comply with other requirements of the statute. *Priestley v. Paulus, supra,* 287 Or at 146. Nothing in the wording of the certified ballot title indicates that the drafter inserted words that were unnecessary to the title, thereby using up the word limits while failing to communicate ideas that could have been communicated through deleting unnecessary words and inserting words of more exactness. Indeed, petitioner does not point specifically to any words in the certified title as being unnecessary, and we do not find any. Because the proposed ballot title substantially complies with the requirements of statute, we certify it.

The second issue presents a novel question. The statute on which petitioner relies provides:

> "The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election." ORS 250.035(2).

■　　However, another statute provides that a petitioner may urge points on a petition to review a ballot title in this court only if they fairly were raised by criticisms of the initial draft title timely lodged with the Secretary of State. ORS 250.085(5) provides:

> "When reviewing a title prepared by the Attorney General, the court shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State * * *."

Although our cases interpreting and applying that statute do not require pleading exactness, they do require that some notice of the contended defect be given to the Secretary of State. *Hand v. Roberts,* 309 Or 430, 434, 788 P2d 446 (1990); *Kafoury v. Roberts,* 303 Or 306, 311, 736 P2d 178 (1987).

In this case, no such notice about this ballot title was communicated by petitioner to the Secretary of State during the time period for such communications provided by ORS

250.085(3). Instead, petitioner first points out the asserted defect on review in this court. Adhering to this court's precedents construing the statute to require notice of the defect to be given to the Secretary of State during formation and consideration of the proposed ballot title, we are unable to consider the asserted violation of ORS 250.035(2).

Ballot title certified.