Argued and submitted January 6, ballot title certified February 12, 1998

Floyd PROZANSKI,
Michael E. Rose,
and Todd D. Olson,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S44807)

952 P2d 531

Katherine A. McDowell, Portland, argued the cause and filed the petition for petitioners.

Erika L. Hadlock, Assistant Attorney General, Salem, argued the cause for respondent. With her on the answering

memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, Durham, and Kulongoski, Justices.*

CARSON, C. J.

---

* Fadeley, J., retired January 31, 1998, and did not participate in this decision.

## CARSON, C. J.

This is an original proceeding concerning the ballot title for a statewide referendum measure. Petitioners are dissatisfied electors who submitted timely written comments to the Secretary of State about the draft ballot title prepared by the Attorney General. Petitioners now challenge the Attorney General's certified ballot title in this court. As we shall explain, we conclude that the Attorney General's ballot title substantially complies with the requirements of ORS 250.035(2). *See* ORS 250.085(5) (setting out this court's standard of review). Accordingly, we certify the Attorney General's ballot title.

The measure at issue originated during the 1997 legislative session as House Bill (HB) 3643. HB 3643 changed the offense of possessing less than one ounce of marijuana from a violation, punishable by a fine between $500 and $1,000, to a Class C misdemeanor, punishable by the same fine, as well as possible imprisonment for up to 30 days.

HB 3643 passed both the House and the Senate. After the bill was signed by the Governor, opponents circulated a referendum petition and obtained the requisite number of signatures to place the bill on the ballot as a referred measure. *See* Or Const, Art IV, § 1(3) (setting out process for referring a legislative enactment to the voters for rejection or approval). The referendum petition was filed with the Secretary of State, and the Attorney General then prepared a draft ballot title. ORS 250.065, 250.067(1), (2). After considering petitioners' and other comments, the Attorney General revised the draft ballot title and certified the following ballot title for the referred measure:

"MAKES POSSESSION OF LIMITED AMOUNT OF MARIJUANA CLASS C MISDEMEANOR

"RESULT OF 'YES' VOTE: 'Yes' vote makes possession of less than one ounce of marijuana a Class C misdemeanor.

"RESULT OF 'NO' VOTE: 'No' vote retains statute making possession of less than one ounce of marijuana a violation.

"SUMMARY: Under current Oregon law, possession of less than one ounce of marijuana is a violation, punishable by 500 to 1000 dollar fine; charges against first-time offenders may be dismissed upon completion of marijuana diversion agreement. Measure makes possession of less than one ounce of marijuana a Class C misdemeanor, punishable by up to 30 days imprisonment, plus 500 to 1000 dollar fine. Measure also makes failure to complete diversion agreement ground for six-month suspension of offender's driving privileges. Allocates $600,000 for enforcement."

Petitioners challenge the caption, the "yes" result statement, and the summary.

■   We begin with the caption, which must contain "not more than 10 words that reasonably identif[y] the subject matter of the * * * measure." ORS 250.035(2)(a). Petitioners raise two challenges to the certified caption. First, they contend that the caption does not reasonably identify the subject of the measure, because it refers only to a "limited amount of marijuana," instead of "less than one ounce of marijuana." Second, petitioners contend that the caption clearly should convey that the measure recriminalizes the act of possessing less than one ounce of marijuana. In petitioners' view, a lay person might not understand that reclassification as a Class C misdemeanor means that the offense will be a crime and thus will be more serious than the present treatment of that offense. Petitioners propose the following caption: "MAKES POSSESSING LESS THAN ONE OUNCE OF MARIJUANA A CRIME."

We disagree with petitioners that, as to the amount of marijuana at issue, the certified caption fails to substantially comply with ORS 250.035(2)(a). Although it is true that the measure concerns possession of "less than one ounce of marijuana," the Attorney General may convey that subject using fewer words in the caption, as long as those words reasonably identify the subject matter of the measure. In our view, the reference to a "limited amount of marijuana" in the certified caption substantially complies with that requirement.

As to petitioners' second contention, we again disagree that the Attorney General's caption fails to substantially comply with ORS 250.035(2)(a). The proposed measure would make possession of less than one ounce of marijuana a Class C misdemeanor. The Attorney General's caption specifically conveys that criminal classification to the voters, thereby identifying the subject matter of the measure. Further, we do not think that the words "Class C misdemeanor" will confuse or mislead the voters, as petitioners contend. In short, we conclude that the certified caption substantially complies with ORS 250.035(2)(a).

■ Petitioners next challenge the certified "yes" result statement, which must contain "[a] simple and understandable statement of not more than 15 words that describes the result if the * * * measure is approved." ORS 250.035(2)(b). Petitioners contend that, like the caption, the "yes" statement should identify the amount of marijuana at issue and should state that the measure would criminalize the offense. Petitioners also propose changing the word "makes" to "increases," in order to clarify the more serious treatment of the offense under the proposed measure. Petitioners propose the following "yes" statement: " 'Yes' vote increases possession of less than one ounce of marijuana to a crime."

We reject petitioners' challenges to the certified "yes" result statement for the same reasons that we rejected their challenges to the caption. The Attorney General's "yes" statement accurately summarizes the result if the proposed measure is approved. Although petitioners propose an alternative "yes" statement that also summarizes the result, they have not demonstrated that the Attorney General's "yes" statement fails to substantially comply with ORS 250.035-(2)(b).

Finally, petitioners challenge the summary of the certified ballot title, which must contain "[a] concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.035(2)(d). Petitioners suggest replacing the second sentence of the Attorney General's summary with the following sentence: "This measure recriminalizes possession of less than one ounce of marijuana, making it a Class C misdemeanor, punishable by up to

30 days imprisonment and $500 to $1000 fine." Petitioners again argue that the word "recriminalizes" clearly would convey that the proposed measure would increase the seriousness of the offense.

We reject petitioners' challenge to the summary for the reasons already stated. While petitioners may be correct that including the word "recriminalizes" in the summary might advance the voters' understanding of the measure, they have not demonstrated that the Attorney General's summary fails to substantially comply with ORS 250.035-(2)(d). *See Crumpton v. Keisling*, 317 Or 322, 325, 855 P2d 1107 (1993) ("The question on review is not whether a more exact or better ballot title may be written, but only whether the one certified * * * substantially complies with the requirements of statute.").

After considering all of petitioners' challenges, we conclude that the Attorney General's certified ballot title substantially complies with the requirements set forth in ORS 250.035(2). Accordingly, we certify the ballot title without modification.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).