Argued and submitted January 7, ballot titles certified as modified February 12, reconsideration denied March 17, 1998

Susan LEO,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S44794, S44798, S44797)
(Consolidated for Argument and Opinion)

952 P2d 543

Scott J. Kaplan, ACLU Foundation of Oregon, Inc., Portland, argued the cause and filed the petitions for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the responses were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, Gillette, Van Hoomissen, Graber, Durham, and Kulongoski, Justices.*

GILLETTE, J.

Van Hoomissen, J., dissented and filed an opinion.

_____

* Fadeley, J., retired January 31, 1998, and did not participate in this decision.

**GILLETTE, J.**

These three ballot title review proceedings are consolidated for purposes of argument and opinion. The cases involve three different, but closely related, ballot measures. In each, petitioner[1] challenges the legal sufficiency of one or more parts of a ballot title certified by the Attorney General. For the reasons that follow, we modify the ballot title certified by the Attorney General for each measure and, as modified, certify the various ballot titles.

The three proposed measures have been denominated by the Secretary of State as Measure 55, Measure 56, and Measure 57. Each would amend Article VII (Amended), section 1, of the Oregon Constitution, by adding the words emphasized in boldface[2] to that section:

"The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. The judges of the supreme and other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years, and shall receive such compensation as may be provided by law, which compensation shall not be diminished during the term which they are elected. **No law or rule shall limit freedom of speech by candidates for any judicial office. Freedom of speech shall include, but shall not be limited to, the right to express views on judicial issues and the performance of judges. No designation of incumbency or reference to current or prior judicial position shall be permitted on the ballot in a contested election. If an incumbent judge has no opposition, voters shall be given a choice as to whether they wish to retain the judge for an additional term. The choice shall be clearly stated on the ballot next to the incumbent judge's name. If a majority of those voting**

---

[1] Petitioner is an elector who, pursuant to the provisions of ORS 250.067(1), timely submitted written comments respecting the Attorney General's proposed ballot titles for each of the proposed measures. She therefore is entitled to maintain the present proceedings.

[2] For the convenience of the reader, we here reproduce the entire section 1 of Article VII (Amended), in order to provide a proper context within which to consider the various proposed measures.

do not vote to retain the incumbent judge, a new election, in which the incumbent judge will not be eligible, shall be held."

The texts of the three proposed measures vary in the following respects:

*Measure 56*

Measure 56 contains *only* the wording emphasized above.

*Measure 57*

Measure 57, in addition to the emphasized wording, would add the following additional sentence to section 1 of Article VII (Amended):

"All judicial positions shall be filled by election, including any position that becomes vacant during a term of office."

The apparent purpose of that additional provision is to remove gubernatorial authority to appoint persons to fill judicial vacancies. At present, such authority is provided by Article V, section 16, of the Oregon Constitution.[3]

*Measure 55*

Measure 55 contains both the wording of Measure 56, emphasized above, and also the additional wording of Measure 57. However, Measure 55 restores to a limited degree the gubernatorial appointment power, but also limits appointed judges' tenure, by adding the following subsection:

"(2)   Notwithstanding subsection (1), the governor may, in a manner provided by law, appoint a person to fill a vacant position, provided that no person shall serve more than six months without election."

---

[3] Article V, section 16, of the Oregon Constitution, provides:

"When * * * at any time a vacancy occurs in any * * * state office, or in the office of judge of any court, the governor shall fill such vacancy by appointment, which shall expire when a successor has been elected and qualified. When any vacancy occurs in any elective office of the state or of any district or county thereof, the vacancy shall be filled at the next general election, provided such vacancy occurs more than sixty-one (61) days prior to such general election."

From the foregoing summary, it may be seen that the three proposed measures represent a basic theme in two parts (Measure 56), which then is augmented in two slightly different ways (Measures 55 and 57):

(1) All judicial positions, whether vacant or having an incumbent, are to be filled by election.[4]

(2) And, in the campaigning for election to a judicial position, judicial candidates shall be free to express themselves as fully as if they were candidates for nonjudicial, and even partisan, offices.[5]

With the foregoing general observations in mind, we turn to the specific challenges made by petitioner against each of the proposed measures. For the sake of internal clarity, this opinion shall address each measure in the same order in which we earlier have summarized it, *i.e.*, we deal first with Measure 56 (the basic measure); followed by Measure 57 (the basic measure, plus elimination of gubernatorial appointment); and, finally, discuss Measure 55 (the basic measure, coupled with provisions that first take away and then, to a limited extent, restore the gubernatorial power of appointment).

*Measure 56 (the basic measure)*

■ The Attorney General's certified caption for this proposed measure states:

"AMENDS CONSTITUTION: EXPANDS JUDICIAL
CANDIDATES' SPEECH RIGHTS; CHANGES
PROCESS FOR RETAINING JUDGES"

Petitioner asserts that the foregoing caption is inadequate, for the purposes of ORS 250.035(1)(a), because it fails reasonably to identify the "subject" of the measure. We agree with

---

[4] Of course, it presently is true that all judicial offices are filled—either immediately or after a hiatus due to an interim gubernatorial appointment—by election. But each of the proposed measures works significant alterations in that process.

[5] If there were any doubt about the foregoing proposition, it disappears when one considers the statement in the "Preamble" to each of the proposed measures that the measure "is designed to ensure that judicial elections are truly democratic contests where voters actually have a choice."

that proposition, but on a more narrow basis than most of petitioner's alternative theories as to why that is so.

The Attorney General's caption highlights both parts of the measure. If a measure essentially has only two parts and they both may be highlighted within the 10-word limitation on captions, such an approach may be acceptable. *See, e.g., Crumpton v. Keisling*, 317 Or 322, 325-26, 855 P2d 1107 (1993) (recognizing principle). The Attorney General has attempted to do that with respect to Measure 56. However, use of the rubric, "speech rights," in one part of the caption conceals, rather than reveals, the sweep of the proposed measure. Ambiguous mention of an "expansion" of "speech rights" of judges does nothing to suggest the fundamental alteration that the proposed measure would make in the judicial campaign process. As we have indicated, the measure would free judicial candidates to engage in political activity as fully as if they were candidates for offices outside the judicial branch. That is a subject of the measure that the ballot must portray accurately. The failure of the Attorney General's caption to do so means that the caption is inadequate under ORS 250.035(1)(a). A modification is necessary.

■ On the other hand, the other half of the Attorney General's caption, *viz.*, "CHANGES PROCESS FOR RETAINING JUDGES," is adequate. The measure would alter the method by which one kind of incumbent judge may be retained. At present, a judge who is unopposed need only receive more votes than any individual write-in candidate in order to retain the judge's position. The proposed measure would turn an election in which a judge was unopposed into a referendum on whether that judge should be retained.[6] We thus conclude that the essential message of that part of the Attorney General's ballot title caption may be sustained. However, in order to accommodate the modification that we earlier have indicated will be required, some modification to this half of the ballot title caption also will be necessary.

---

[6] The method by which some other sitting judges who are *opposed* may be retained would remain unchanged in terms of the way in which the votes were counted, but the proposed measure's alteration in the scope of permissible activity in connection with any such contested election justifies the use of the word "CHANGE" with respect to those retention elections, as well.

The Attorney General's caption is modified to read as follows:

AMENDS CONSTITUTION: EXPANDS JUDICIAL CANDIDATES' POLITICAL CAMPAIGNING RIGHTS; CHANGES JUDICIAL RETENTION PROCESS

It follows from the foregoing that we must modify both the Attorney General's "yes" and "no" result statements to reflect the change in the caption. The Attorney General certified the following result statements:

"RESULT OF 'YES' VOTE: 'Yes' vote expands judicial candidates' campaign speech rights, changes process for judicial elections involving incumbents.

"RESULT OF 'NO' VOTE: 'No' vote retains judicial candidates' existing speech rights, existing process for judicial elections involving incumbents."

We modify them respectively as follows:

RESULT OF "YES" VOTE: "Yes" vote changes judicial retention process; allows judicial candidates full political activity in campaigning.

RESULT OF "NO" VOTE: "No" vote retains present judicial retention process, present limitations on judicial candidates' campaigning for office.

The Attorney General's certified summary of the proposed measure states:

"SUMMARY: Amends Oregon Constitution. Measure would allow judicial candidates to express their views on performance of judicial duties, personally solicit campaign contributions. Measure thus would override current limits on judicial candidates' speech. Measure would prohibit ballot from identifying judicial candidate as incumbent in contested election. When incumbent judge is unopposed, voters would have choice, stated on ballot, whether to retain judge for additional term. Incumbent judge must receive majority vote to win election. Otherwise, new election would be held, in which incumbent judge would be ineligible."

With respect to the Attorney General's summary, petitioner argues that it fails to convey the significance of the expansion in campaign rights for judicial candidates. We

agree that its description is not precisely the same as that which we have held to be appropriate with respect to the other two parts of the ballot title. However, we believe that the Attorney General's summary, when read as a whole, encompasses all the various effects of the proposed measure while still managing, through example and illustration, to capture the essence of the change to judicial campaigning. We thus cannot say that the summary fails to comply substantially with the requirements of law. ORS 250.035(2)(d).

The Attorney General's ballot title for Measure 56 is modified in the respects heretofore set out in this opinion. Pursuant to ORS 250.085(5), we certify the following ballot title for Measure 56 to the Secretary of State:

AMENDS CONSTITUTION: EXPANDS JUDICIAL CANDIDATES' POLITICAL CAMPAIGNING RIGHTS; CHANGES JUDICIAL RETENTION PROCESS

RESULT OF "YES" VOTE: "Yes" vote changes judicial retention process; allows judicial candidates full political activity in campaigning.

RESULT OF "NO" VOTE: "No" vote retains present judicial retention process, present limitations on judicial candidates' campaigning for office.

SUMMARY: Amends Oregon Constitution. Measure would allow judicial candidates to express their views on performance of judicial duties, personally solicit campaign contributions. Measure thus would override current limits on judicial candidates' speech. Measure would prohibit ballot from identifying judicial candidate as incumbent in contested election. When incumbent judge is unopposed, voters would have choice, stated on ballot, whether to retain judge for additional term. Incumbent judge must receive majority vote to win election. Otherwise, new election would be held, in which incumbent judge would be ineligible.

*Measure 57*

As noted, Measure 57 consists of the basic measure, coupled with elimination of the gubernatorial power to fill vacant judicial positions by appointment. While presented in

a different order than the caption and result statements certified for Measure 56, the Attorney General's certified caption and result statements for Measure 57 do not differ substantially from those relating to the other measure. They state:

"AMENDS CONSTITUTION: CHANGES PROCESS
FOR SELECTING JUDGES; EXPANDS JUDICIAL
CANDIDATES' SPEECH RIGHTS

"RESULT OF 'YES' VOTE: 'Yes' vote changes process for filling judicial vacancies, retaining incumbents; expands judicial candidates' speech rights.

"RESULT OF 'NO' VOTE: 'No' vote keeps existing judicial candidates' speech rights, process for filling judicial vacancies, retaining incumbents."

Petitioner challenges both the caption and the result statements, and we hold that they are inadequate for the same reasons expressed with respect to the caption and result statements for Measure 56. In addition, we note that the Attorney General has chosen in this caption to drop any reference to judicial retention and to substitute, instead, a reference to the proposed measure's abolition of gubernatorial authority to fill a judicial vacancy by appointment. Sometimes, such choices are unavoidable: The stringent word limitation of the caption necessitates picking and choosing among various subjects in a multiple subject measure, highlighting some at the expense of others. However, if the word limitation does not compel choices of that kind, they should not be made. *See Crumpton*, 317 Or at 326 (discussing principle). Here, in our view, no such sacrifice of one subject for another is necessary. We certify the following caption for Measure 57:

AMENDS CONSTITUTION: CHANGES JUDICIAL
SELECTION, RETENTION; EXPANDS JUDICIAL
CANDIDATES' POLITICAL CAMPAIGNING RIGHTS

The foregoing change in the caption necessitates conforming changes in the result statements for Measure 57. They are modified as follows:

RESULT OF "YES" VOTE: "Yes" vote changes judicial selection, retention processes; allows judicial candidates full political activity in campaigning.

RESULT OF "NO" VOTE: "No" vote retains present judicial selection, retention processes, present limitations on judicial candidates' campaigning activities.

We turn to the summary. The Attorney General certified the following summary for Measure 57:

"SUMMARY: Amends constitution. Currently, judges are elected for 6-year terms, governor fills vacancies by appointment; appointments last until next general election. Measure requires judicial positions that become vacant during term of office to be filled by election. Allows judicial candidates to express views on performance of judicial duties, personally solicit campaign contributions, thus overriding current limits on judicial candidates' speech. Ballot cannot identify judicial candidate as incumbent in contested election. Unopposed judicial candidate must receive majority vote; otherwise, new election held, and incumbent is ineligible."

Petitioner's attack on the summary for Measure 57 is essentially the same as his attack on that for Measure 56. We reject it for similar reasons: Although it might be possible to fashion a better summary, the one certified by the Attorney General satisfies the pertinent statutory criteria.

Pursuant to ORS 250.085(5), we certify the following ballot title for Measure 57 to the Secretary of State:

AMENDS CONSTITUTION: CHANGES JUDICIAL SELECTION, RETENTION; EXPANDS JUDICIAL CANDIDATES' POLITICAL CAMPAIGNING RIGHTS

RESULT OF "YES" VOTE: "Yes" vote changes judicial selection, retention processes; allows judicial candidates full political activity in campaigning.

RESULT OF "NO" VOTE: "No" vote retains present judicial selection, retention processes, present limitations on judicial candidates' campaigning activities.

SUMMARY: Amends constitution. Currently, judges are elected for 6-year terms, governor fills vacancies by appointment; appointments last until next general election.

Measure requires judicial positions that become vacant during term of office to be filled by election. Allows judicial candidates to express views on performance of judicial duties, personally solicit campaign contributions, thus overriding current limits on judicial candidates' speech. Ballot cannot identify judicial candidate as incumbent in contested election. Unopposed judicial candidate must receive majority vote; otherwise, new election held, and incumbent is ineligible.

*Measure 55*

■　　　As noted, Measure 55 consists of the basic measure, coupled with provisions that first eliminate and then restore, in a limited way, the gubernatorial power to fill judicial vacancies by appointment. The Attorney General's certified caption uses slightly different words but is, in all material respects, the same as the caption certified for Measure 57. Petitioner challenges that caption and we hold that it is inadequate for the reasons stated with respect to the caption for Measure 57. The issue then becomes one of remedy.

As we read them, Measures 55 and 57 are about precisely the same subjects, even if they deal with those subjects in slightly different ways. (The difference is that Measure 57 would eliminate outright the gubernatorial power to fill certain judicial vacancies by appointment, while Measure 55 would limit the duration of such appointments, rather than eliminate them outright.) The similarities between the two measures are sufficiently pervasive that it would be inappropriate to create different captions for each, solely for the purpose of highlighting the difference. *See Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 22-23, 902 P2d 1143 (1995) (ballot titles may resemble each other, or even be identical, if to do so probably will not create confusion). We do not perceive any likelihood in the present case that certifying a caption that is identical to that already certified with respect to Measure 57 would cause confusion. We therefore certify a caption for Measure 55 that is the same as that certified for Measure 57.

Turning to the result statements, the Attorney General certified the following:

"RESULT OF 'YES' VOTE:    'Yes' vote changes judicial election process, expands judicial candidates' speech rights, limits appointed judges' terms.

"RESULT OF 'NO' VOTE:    'No' vote retains existing judicial election process, judicial candidates' speech rights, terms for appointed judges."

■       As already noted, it ordinarily is the practice of this court, when it has modified a caption, "to make conforming changes to the Result Statements." *Phillips v. Myers*, 325 Or 221, 227, 936 P2d 964 (1997). Petitioner urges us to do that here, and we shall. In doing so, we retain the Attorney General's choice to mention the additional focus of Measure 55, *viz.*, the tenure of appointed judges.

The Attorney General certified the following summary with respect to Measure 55:

"SUMMARY:    Amends constitution. Currently, judges are elected for 6-year terms, governor fills vacancies by appointment; appointment lasts until next general election, and appointee may run for full term. Measure allows appointed judges to serve only six months without election. Allows judicial candidates to express views on performance of judicial duties, personally solicit campaign contributions, thus overriding current limits on judicial candidates' speech. Ballot cannot identify opposed judicial candidate as incumbent. Unopposed judicial candidate must receive majority vote; otherwise, new election held, and incumbent is ineligible."

Petitioner's attack on the summary is essentially the same as that which she advanced with respect to the summary for Measure 57, and we reject it for the same reason: Although it might be possible to fashion a better summary, the one certified by the Attorney General satisfies the pertinent statutory criteria.

Pursuant to ORS 250.085(5), we certify the following ballot title for Measure 55 to the Secretary of State:

AMENDS CONSTITUTION: CHANGES JUDICIAL
SELECTION, RETENTION; EXPANDS JUDICIAL
CANDIDATES' POLITICAL CAMPAIGNING RIGHTS

RESULT OF "YES" VOTE: "Yes" vote changes judicial selection, retention processes; expands judicial candidates' campaigning; limits appointed judges' terms.

RESULT OF "NO" VOTE: "No" vote retains judicial selection, retention processes, limits on judicial campaigning, terms for appointed judges.

SUMMARY: Amends constitution. Currently, judges are elected for 6-year terms, governor fills vacancies by appointment; appointment lasts until next general election, and appointee may run for full term. Measure allows appointed judges to serve only six months without election. Allows judicial candidates to express views on performance of judicial duties, personally solicit campaign contributions, thus overriding current limits on judicial candidates' speech. Ballot cannot identify opposed judicial candidate as incumbent. Unopposed judicial candidate must receive majority vote; otherwise, new election held, and incumbent is ineligible.

Ballot titles certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent. In my view, the Attorney General's certified ballot titles substantially comply with the requirements of ORS 250.035. ORS 250.085(5).