Daniel A. ROONEY
and Julie Davis,
*Petitioners,*

*v.*

Theodore KULONGOSKI,
Attorney General of the
State of Oregon,
*Respondent.*

(SC S42101)

Lon T. MABON
and Scott D. Lively,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General of the
State of Oregon,
*Respondent.*

(SC S42108)
(Consolidated for Argument and Opinion)

902 P2d 1177

Charles F. Hinkle, Portland, argued the cause and filed the petition for petitioners Daniel A. Rooney and Julie Davis.

Gordon Lincoln Cummings, Keizer, argued the cause and filed the petition for petitioners Lon T. Mabon and Scott D. Lively.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the responses for respondent. With him the responses were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

Unis, J., dissented and filed an opinion in which Durham, J., joined.

## GILLETTE, J.

This is a ballot title proceeding consolidating two petitions that challenge the Attorney General's certified ballot title for a proposed initiative measure designated by the Secretary of State's office as Elections Division #21. Petitioners Lon T. Mabon and Scott D. Lively (hereafter collectively "Mabon") are chief petitioners for the measure. They submitted timely written comments to the Secretary of State stating concerns with the draft ballot title and thereby preserved the right to reiterate those concerns in this challenge to the Attorney General's certified ballot title. ORS 250.067(1), 250.085(2).[1] Petitioners Daniel A. Rooney and Julie Davis (hereafter collectively "Rooney") also have complied with the statutory requirements and, thus, have the right to make the argument that they make here.

Mabon challenges the ballot title's Caption and Question; Rooney challenges the Caption, Question, and Summary. We review those challenges to determine whether the Attorney General's certified ballot title is in "substantial compliance" with the statutory requirements for each of those parts of the ballot title. ORS 250.035(1), 250.085(5). Before doing so, however, we set out the full text of the measure and the Attorney General's certified ballot title.

### THE MEASURE

Elections Division # 21 states:

"THE CHILD PROTECTION ACT OF 1996
AN ACT

"The People of the State of Oregon do enact as follows:

"The Constitution of the State of Oregon is amended by creating a new section to be added to and made a part of Article 1. The new section shall be known as 'The Child Protection Act of 1996,' and will read as follows:

"SECTION 42: RIGHT OF CONSCIENCE ESTABLISHED REGARDING SEXUAL BEHAVIOR

---

[1] The 1995 legislature amended ORS 250.035 and repealed ORS 250.039. Or Laws 1995, ch 534, §§ 1 & 19. Those changes, however, do not apply to the ballot title in this case. *See* Or Laws 1995, ch 534, § 20 (act applies to initiative petitions for which prospective petition is filed on or after effective date of act). The prospective petition in this case was filed before the effective date of the 1995 act, July 7, 1995.

"1.   The People find that to be morally opposed to certain sexual behaviors such as homosexuality, when based upon a person's convictions, is a Right of Conscience in accord with Article 1 Section 2 and 3 of this Constitution. Such objection produced by one's moral standards and values is therefore not discrimination relating to civil rights, nor shall it be considered so by any unit of state or local government; therefore,

    "(1)   Public funds shall not be expended in a manner that has the purpose or effect of expressing approval of homosexuality.

    "(2)   Marital status shall not be recognized or spousal benefits awarded on the basis of homosexuality.

"2.   Though subsection one is established and in effect, no licenses, permits, services or benefits shall be denied any person otherwise due under existing statute; nor shall the holding or exercise of any rights guaranteed by the Constitution of the State of Oregon or of the United States of America be deprived, nullified or diminished.

"3.   Though subsection one is established and in effect, with regard to public employees, it shall be generally considered that a person's private lawful sexual behavior is a non-job related factor, provided such consideration does not violate any provision of this Act or of the Constitution of the United States.

"4.   Though subsection one is established and in effect, books or literature in public libraries which promote or express approval of homosexuality shall be kept from minors; access made available only under parental supervision.

"5.   The PEOPLE INTEND that if any part of this enactment be found unconstitutional, the remaining parts shall survive in full force and effect. This Act shall be in all parts self-executing. For the purposes of this Act, every Oregon resident and non-profit entity doing business in the State of Oregon has standing."

        We note that the substantive text of this measure is identical to the text of Elections Division #13, except that certain provisions of Elections Division #13 are not included in this measure. The sections of Elections Division #13 that

are not included are: section 1 (the lead-in language), section 1(a), section 5, and the last sentence of section 4.[2]

## THE ATTORNEY GENERAL'S CERTIFIED
## BALLOT TITLE

The Attorney General's certified ballot title for Elections Division #21 states:

"AMENDS CONSTITUTION:
BARS SPENDING PUBLIC FUNDS
IN WAY APPROVING HOMOSEXUALITY

"QUESTION: Shall state constitution bar spending public funds in way approving homosexuality; forbid granting marital status, spousal benefits based on homosexuality?

"SUMMARY: Amends state constitution. Provides that moral objection to homosexuality is 'right of conscience,' not discrimination relating to civil rights. Bans spending public funds in way expressing approval of homosexuality. Forbids government from recognizing marital status or awarding spousal benefits on basis of homosexuality. Public employees' private lawful sexual behavior treated as non-job related unless that treatment expresses approval of homosexuality. Bars access by minors to pro-homosexuality public library books or literature without parent's supervision. Governments nonetheless cannot deny licenses, services, benefits due under existing statutes."

## THE PARTIES' CHALLENGES

## THE CAPTION

■   ORS 250.035(1) requires a Caption of not more than 10 words that "reasonably identifies the subject of the measure."

---

[2] The provisions of Elections Division #13 that are not included in this measure state:

"1. Minority status shall not be based on sexual behavior or desires; therefore,

"(a) Children, students and employees shall not be advised, instructed or taught by any government agency, department of political subdivision that a person's sexual behavior or desire is the legal or social equivalent to existing minority civil rights classifications.

"* * * * *

"4. * * * Such material must meet local community standards established through the existing library review process.

"5. The term minority status shall refer to any class or category of individuals created in the law as a special civil rights classification such as race, religion, gender, national origin, etc."

Mabon asserts that the Attorney General's Caption has identified an *effect* of the proposed measure, rather than the *subject*. Mabon asserts that the subject of this measure "is to guarantee a right of conscience to object to certain sexual behaviors such as homosexuality." Mabon seeks a Caption that would state: "Amends Constitution: Morally opposing certain sexual behaviors to be a constitutional right."

The Attorney General asserts that his Caption substantially complies with the requirement that it reasonably identify the subject of the measure. The Attorney General further notes that Mabon's proposed alternative has 12 words, which is not permitted by the statute. The Attorney General repeats his assertion that the "right of conscience" provision merely restates existing constitutional provisions. Finally, he contends that Mabon's proposed subject entails an act of interpretation but contends that, if the court finds Mabon's argument to be well taken, then the Caption should state: "Amends Constitution: Protects Those Who Deny Rights To Homosexual Persons."

We today rejected Mabon's characterization of the public spending provision as merely an "effect" of Elections Division #13, where the challenge was to its inclusion in the Question. *Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 36, 902 P2d 1143 (1995). In that context, we concluded that the public spending provision of that measure properly was considered to be a chief purpose of the measure for purposes of the Question for that ballot title. That disposition does not, however, answer whether the public spending provision is so important that it may be characterized as a *subject* of this measure. Before we speak to that issue, we shall take account of Rooney's objection to the Caption, for Rooney also asserts that the Caption does not accurately reflect the subject of the measure.

Rooney asserts that "the true subject of the measure is to require government to treat homosexuality and homosexual persons in a manner different from the manner in which government treats heterosexuality and heterosexual persons," pointing specifically to the public spending provisions and the marital status provision. Rooney proposes the following Caption: "Amends Constitution: Governments must discriminate against homosexuals in laws, spending."

The Attorney General again asserts that his Caption substantially complies with the statute and takes issue with the proposed use of the term "discrimination" as potentially misleading and not impartial.

This measure addresses itself to several things. It provides that moral opposition to certain sexual behavior is a right of conscience in accord with Article I, sections 2 and 3, of the Oregon Constitution. It states that "[s]uch objection produced by one's moral standards and values is therefore not discrimination relating to civil rights, nor shall it be considered so by any unit of state or local government." It provides that public funds shall not be spent with the purpose or effect of expressing approval of homosexuality. It provides that homosexuality is not a basis for marital status or spousal benefits. It limits its effect with respect to licenses, permits, services, or benefits due under existing statutes. It provides that other constitutional rights shall not be deprived, nullified, or diminished. It speaks to the private lawful sexual behavior of public employees. It deals with access of minors to books in the public library. It provides that the measure is self-executing and that every Oregon resident and nonprofit entity has standing.

From this, one point emerges clearly. Whatever the subject of this proposed measure may be, the Attorney General's Caption — "Amends Constitution: Bars Spending Public Funds In Way Approving Homosexuality" — does not reasonably identify it. The Attorney General's Caption has a single focus — the expenditure of public funds — and any unspoken broader implications of the words are not so clear as to support the weight of a Caption for this measure.

Having said what the subject of the measure is not, we would be less than candid if we did not acknowledge that it is much more difficult to say what the subject *is*. In considering challenges to the ballot titles in Elections Division #13 and #17, we recognized that a subject of those measures was that laws could not guarantee civil rights/equal rights for homosexual persons. Some of the provisions of those measures pertinent to that conclusion are missing from this measure. (*See* note 1, above.) Nonetheless, in considering the challenge to the ballot title for Elections Division #13, which contained the same "right of conscience" provision as does

this measure, we stated: "Whether a Summary states that government cannot base civil rights on sexual behavior or desires or, instead, states the corollary, *viz.*, that an individual decision to exercise a right of conscience on the basis of sexual behavior or desires is not discrimination cognizable by the government, is a choice that falls within the permissible range of choices that the Attorney General could make." *Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 39.

In this measure, as in Elections Division #13 and #17, the public spending and spousal benefits provisions follow grammatically from the "right of conscience" provision, preceded in each instance by the word "therefore" following the "right of conscience" provision. Having recognized that the "right of conscience" provision states a corollary principle to the subject of the other two measures, and giving due regard to its comparative scope, we conclude that the person's right of conscience to object to certain sexual behaviors, without that objection being deemed by the government to be civil rights discrimination, is perhaps the single most significant provision of the measure for purposes of the ballot title. That does not mean, however, that it should be deemed the "subject" of the measure for purposes of the Caption.

When a measure contains an affiliated grouping of separate provisions related by a common thread, the subject of the measure may well be most reasonably identified by characterizing the thread, rather than by focusing on one or more of the most significant constituent parts. This is consistent with the approach that we took quite recently to certifying a ballot title Caption for a measure with a similar range of provisions and subject matter. *Mabon v. Keisling*, 317 Or 406, 411-13, 856 P2d 1023 (1993) (rejecting a specific Caption for a more generally descriptive one). In this instance, we conclude that the subject of this measure likewise is best captured by reference to the common thread, rather than to any one or more pieces of the patchwork.

We conclude that the subject of this measure is properly characterized as a constitutional amendment that relates to the powers of state and local governments concerning homosexuality. That statement of the subject accurately

and neutrally describes the measure and apprises the electorate of what subject they are being asked to consider.

Consistent with the methodology for deciding these four ballot title cases, the final wording for the Caption for the ballot title for this measure has been selected after application of the restrictions in ORS 250.035(2) (re: confusion among ballot titles). A discussion of that exercise with respect to the present measure may be found in *Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 44-45. Pursuant to that discussion, the text of the Caption certified by this court for this ballot measure is: "Amends Constitution: Restricts Local, State Government Powers Concerning Homosexuality."

## THE QUESTION

■■ ORS 250.035(1)(b) requires a Question of not more than 20 words that "plainly phrases the chief purposes of the measure." The chief purpose is the most significant aim or end that a measure is designed to bring about. *Mabon v. Keisling*, 317 Or at 413. The Attorney General's certified Question asks: "Shall state constitution bar spending public funds in way approving homosexuality; forbid granting marital status, spousal benefits based on homosexuality?"

Mabon objects to the Attorney General's Question for essentially the same reason that he objected to the Caption, seeking a Question that instead asks: "Shall Constitution establish moral opposition to certain sexual behaviors like homosexuality as Right of Conscience when based on one's convictions?"

As we indicated in the discussion of the Caption for this ballot measure, the so-called "right of conscience" provision is perhaps the most significant single provision for purposes of the ballot title. The Question cannot refer to other particular provisions and omit reference to the substance of the "right of conscience" provision. To that extent, we agree with Mabon's contention that the Attorney General's Question does not substantially comply with the statutory requirements.

Rooney asserts that the cut-off of public funding will prevent local governments from enforcing their civil rights

ordinances with respect to homosexual persons, thereby requiring localities to discriminate against homosexual persons in the enforcement of their ordinances. Rooney asserts that the Question therefore is deficient for overlooking "one of [the measure's] most important aspects." We rejected essentially the same contention in the context of Rooney's challenge to the Summary for Elections Division #13, *Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 41-42, and we do so again here for the same reasons.

Consistent with the methodology for deciding these four ballot title cases, the final wording for the Question for the ballot title for this measure has been selected after application of the restrictions in ORS 250.035(2) (re: confusion among ballot titles). That discussion may be found in *Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 47-48. Pursuant to that discussion, the text of the Question certified by this court for this ballot measure is: "Shall constitution forbid basing civil rights on homosexuality, other sexual behaviors; bar spending public funds in way approving homosexuality?"

### THE SUMMARY

■        Mabon does not challenge the Summary. Rooney asserts only that the second sentence, referring to the "right of conscience," should be deleted, because the provision in the measure merely restates existing constitutional protections.[3] Rooney does not assert that the sentence is inaccurate or misleading by its terms, and we have already opined on the significance of the provision to the measure. *See Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 39 (recognizing that, although not required, it would have been a concise and impartial statement of a major effect to include the "right of conscience" provision among those mentioned expressly by the Summary in the context of Elections Division #13). Accordingly, we reject Rooney's challenge to the inclusion of the sentence.

Consistent with the methodology for deciding these four ballot title cases, the Attorney General's certified Summary will be treated as presumptively correct. The Summary

---

[3] The sentence states: "Provides that moral objection to homosexuality is 'right of conscience,' not discrimination relating to civil rights."

will be changed only if it becomes necessary to do so to bring about substantial compliance with ORS 250.035(2) (re: confusion among ballot titles). Thus, the final wording of the Summary for the ballot title for this measure has been selected after application of the restrictions in ORS 250.035(2). That discussion may be found in *Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 50-53. Pursuant to that discussion, the text of the Attorney General's certified Summary is certified unchanged by this court for this ballot measure.

## CONCLUSION

The following ballot title is certified for the proposed initiative measure:

### AMENDS CONSTITUTION: RESTRICTS LOCAL, STATE GOVERNMENT POWERS CONCERNING HOMOSEXUALITY

QUESTION: Shall constitution forbid basing civil rights on homosexuality, other sexual behaviors; bar spending public funds in way approving homosexuality?

SUMMARY: Amends state constitution. Provides that moral objection to homosexuality is "right of conscience," not discrimination relating to civil rights. Bans spending public funds in way expressing approval of homosexuality. Forbids government from recognizing marital status or awarding spousal benefits on basis of homosexuality. Public employees' private lawful sexual behavior treated as non-job related unless that treatment expresses approval of homosexuality. Bars access by minors to pro-homosexuality public library books or literature without parent's supervision. Governments nonetheless cannot deny licenses, services, benefits due under existing statutes.

Ballot title certified as modified. This decision shall become effective pursuant to ORAP 11.30(9).

**UNIS, J.,** dissenting.

I adhere to my view that, to the extent that ORS 250.085(5) (1993) gives this court jurisdiction to draft and certify a ballot title for a proposed initiative measure that is different than the one certified by the Attorney General, that

statute violates the principle of separation of powers embodied in Article III, section 1, of the Oregon Constitution. *Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting). I would, therefore, dismiss this case for lack of jurisdiction.

Durham, J., joins in this dissenting opinion.