Argued and submitted May 11, ballot title certified as modified September 28, 1995

Daniel A. ROONEY
and Julie Davis,
*Petitioners,*

*v.*

Theodore KULONGOSKI,
Attorney General of the
State of Oregon,
*Respondent.*

(SC S42105)

Lon T. MABON
and Scott D. Lively,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General of the
State of Oregon,
*Respondent.*

(SC S42107)
(Consolidated for Argument and Opinion)
902 P2d 1183

Charles F. Hinkle, Portland, waived oral argument and filed the petition for petitioners Daniel A. Rooney and Julie Davis.

Gordon Lincoln Cummings, Keizer, argued the cause and filed the petition for petitioners Lon T. Mabon and Scott D. Lively.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the responses for respondent.

GILLETTE, J.

Unis, J., dissented and filed an opinion in which Durham, J., joined.

## GILLETTE, J.

This is a ballot title proceeding consolidating two petitions that challenge the Attorney General's certified ballot title for a proposed initiative measure designated by the Secretary of State's office as Elections Division #25. Petitioners Lon T. Mabon and Scott D. Lively (hereafter collectively "Mabon") are chief petitioners for the measure. They submitted timely written comments to the Secretary of State stating concerns with the draft ballot title and thereby preserved the right to reiterate those concerns in this challenge to the Attorney General's certified ballot title. ORS 250.067(1), 250.085(2).[1] Petitioners Daniel A. Rooney and Julie Davis (hereafter collectively "Rooney") also have complied with the statutory requirements and thus have the right to make the arguments that they make here.

Both Mabon and Rooney challenge the ballot title's Caption, Question, and Summary. We review those challenges to determine whether the Attorney General's certified ballot title is in "substantial compliance" with the statutory requirements for each of those parts of the ballot title. ORS 250.035(1), 250.085(5). Before doing so, however, we set out the full text of the measure and the Attorney General's certified ballot title.

### THE MEASURE

The text of Elections Division #25 states:

"THE MINORITY STATUS AND CHILD
PROTECTION ACT OF 1996 V
AN ACT

"The People of the State of Oregon do enact as follows:

"The Constitution of the State of Oregon is amended by creating a new section to be added to and made a part of Article 1. The new section shall be known as 'The Minority Status and Child Protection Act of 1996 V,' and will read as follows:

---

[1] The 1995 legislature amended ORS 250.035 and repealed ORS 250.039. Or Laws 1995, ch 534, §§ 1 & 19. Those changes, however, do not apply to the ballot title in this case. *See* Or Laws 1995, ch 534, § 20 (act applies to initiative petitions for which prospective petition is filed on or after effective date of act). The prospective petition in this case was filed before the effective date of the 1995 act, July 7, 1995.

"SECTION 41: MINORITY STATUS BASED ON SEX-
UAL BEHAVIOR PROHIBITED

"1. Minority status shall not be based on sexual behavior
or desires.

"(a) The term minority status shall refer to any class or
category of individuals created in the law as a special classi-
fication such as race, religion, gender, national origin, etc.

"2. Though subsection one is established and in effect, no
licenses, permits, services or benefits shall be denied any
person otherwise due under existing statute; nor shall the
holding or exercise of any rights guaranteed by the Consti-
tution of the State of Oregon or of the United States of
America be deprived, nullified or diminished.

"3. The PEOPLE INTEND that if any part of this enact-
ment be found unconstitutional, the remaining parts shall
survive in full force and effect. This Act shall be in all parts
self-executing. For the purposes of this Act, every Oregon
resident and non-profit entity doing business in the State of
Oregon has standing."

## THE ATTORNEY GENERAL'S CERTIFIED BALLOT TITLE

The Attorney General's certified ballot title states:

### "AMENDS CONSTITUTION: BARS LEGAL PROTECTIONS BASED ON SEXUAL BEHAVIOR, DESIRE

"QUESTION: Shall state constitution bar laws defining a
class of people for protection of rights based on sexual
behavior or desires?

"SUMMARY: This measure would amend the state consti-
tution. Current laws protect people from denial of housing,
employment and other rights on the basis of race, religion,
gender, or national origin. The measure would bar laws that
protect people from denial of such rights based on their
sexual behavior or desires. The measure also would say that
governments nonetheless could not deny constitutional
rights, or licenses, permits, services, or benefits due under
existing statutes."

## THE PARTIES' CHALLENGES

Some preliminary observations may help to place the text of this measure in context. This measure repeats verbatim sections 2 (re: limitations on effects) and 6 (re: severability, self-executing, standing) of another proposed measure, Elections Division #13, concerning which we also issue an opinion today. *See Rooney v. Kulongoski (Elections Division #13),* 322 Or 15, 902 P2d 1143 (1995). This measure also combines, as its section 1(a) (re: minority status), section 5 and the introductory phrase of section 1 of Elections Division #13, verbatim. The foregoing describes the entire substantive text of this measure. The text does not deal with the following subjects that are found in some of or all the other pending measures (Elections Division #13, #17, and #21):[2] public instruction; "right of conscience"; public funds; marital status; private sexual behavior of public employees; and public libraries.

## THE CAPTION

■   ORS 250.035(1)(a) requires a Caption of not more than 10 words that "reasonably identifies the subject of the measure." Mabon asserts that the Attorney General's Caption is "misleading, biased and confusing." Mabon asserts that the "subject of this measure is about limiting the expansion of specified classifications in the civil rights laws. It is about stopping a special rights classification for persons based on their choice of sexual behavior." Mabon asserts that the Attorney General's Caption would arouse fear and confusion by use of the term "[b]ars legal protection," implying that existing protections would be removed when most of the state assertedly has not "expanded the protected classifications to include sexual behavior." Mabon seeks a Caption that uses the language of the measure and states: "Amends Constitution: Prohibits Minority Status Based On Sexual Behavior[s], Desires."

---

[2] The ballot titles for proposed measures designated as "Elections Division #17" and "Elections Division #21" also are the subject of opinions of this court issued today. *See Mabon v. Kulongoski (Elections Division #17),* 322 Or 65, 902 P2d 1171 (1995); *Rooney v. Kulongoski (Elections Division #21),* 322 Or 77, 902 P2d 1177 (1995).

Rooney asserts that the Caption does not identify the actual subject, which assertedly is "the effort to give constitutional protection to a 'right' to discriminate against homosexual persons in private employment, housing, and public accommodations." Rooney proposes as alternative Captions: "Amends Constitution: Laws Cannot Protect Civil Rights of Homosexual Persons" or "Amends Constitution: Bans Laws Protecting Civil Rights of Homosexual Persons."

The Attorney General asserts that his certified Caption substantially complies with the statutory requirements. If this court does not agree, the Attorney General does not object to the alternatives put forward by Rooney.

Without the accompaniment of the various other provisions found in the other measures, the subject of this measure is clearer, and far narrower, than that of any of the other measures. The measure contains a provision regarding "minority status," a provision stating certain limitations on the effect of that "minority status" provision, and a provision pertaining to severability, self-execution, and standing. The Attorney General's Caption, by stating that the measure "Bars Legal Protections Based On Sexual Behavior, Desire," has at least correctly identified a general subject of the measure. We consider, therefore, the parties' specific challenges to the wording of that Caption.

We reject Mabon's proposed use of the term "minority status" in the Caption for the same reasons given in *Mabon v. Keisling*, 317 Or 406, 416, 856 P2d 1023 (1993), *viz.*, the term has no recognized meaning apart from the measure itself. *See also Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 34 (rejecting similar contention with respect to Elections Division #13). We also reject as argumentative the formulation of the subject of the measure as one that would "limit the expansion" or "stop" the recognition of minority status based on sexual behavior or desires. The measure provides what it provides; Mabon's formulation would elevate what is at most an effect, and a rhetorical one at that, to the place of a subject. For similar reasons, we reject Rooney's contention that the Attorney General's Caption should have stated an even stronger and more unequivocal position describing the asserted effects of the measure.

We do agree with Mabon that the Caption's term, "bars legal protections," may be confusing. The Caption does not appear to take adequate account of the limitations placed by section 2 on the scope of section 1. In the context of a measure where there are only the two major operative provisions — the "minority status" provision and the provision stating its limits — the Caption should recognize both if possible. It is more accurate to say that the measure "limits" legal protections, not that it "bars" them. With that change, the Caption (which otherwise uses words from the measure itself) substantially complies with the requirements of ORS 250.035(1).

Consistent with our methodology for certifying the ballot titles for these four related cases, the final wording for the Caption has been selected after application of the restrictions in ORS 250.035(2) (re: confusion among ballot titles). That discussion as it relates to the present measure may be found in *Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 45-47. Pursuant to that discussion, the text of the Caption certified by this court for this measure is: "Amends Constitution: Limits Legal Protections Based on Sexual Behavior, Desires."

## THE QUESTION

ORS 250.035(1)(b) requires a Question of not more than 20 words that "plainly phrases the chief purpose of the measure." The chief purpose is the most significant aim or end that a measure is designed to bring about. *Mabon v. Keisling*, 317 Or at 413. The Attorney General's certified Question asks: "Shall state constitution bar laws defining a class of people for protection of rights based on sexual behavior or desires?"

Rooney reiterates the same points that were made in relation to the Caption, and our response to them is the same in this context.[3] As with the Caption, Mabon asserts that the Attorney General's Question fails to identify the

___

[3] We reject Rooney's position, notwithstanding the position of the Attorney General that the Question has sufficient words to permit the utilization of the term homosexuality as one example among others of sexual behavior or desire, and that the Question should be modified to reflect that. The Question meets the statutory standard without the change that Rooney espouses and that the Attorney General is willing to accept.

measure's chief purpose and posits a Question that assert-edly would use the language of the measure: "Shall constitution be amended to prohibit minority status based on sexual behavior or desires, while protecting statutory and constitutional rights?"

Consistent with our methodology for certifying the ballot titles for these four related cases, the final wording for the Question has been selected after application of the restrictions in ORS 250.035(2). That discussion may be found in *Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 48-49. The Caption certified by this court closely paralleled that selected by the Attorney General. Pursuant to that discussion, the text of the Question certified by this court for this measure is: "Shall state constitution bar laws defining a class of people for granting civil rights based on sexual behavior or desires?"

## THE SUMMARY

ORS 250.035(1)(c) provides that a ballot title must contain a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

Mabon asserts that the second sentence of the Summary, describing the state of current laws, is superfluous and states no effect of the measure. Rooney does not like the second sentence, because it devotes space to describing what the measure will *not* do.

Additionally, Mabon challenges the underscored phrase in the third sentence of the Summary, which states that the measure *"would bar laws that protect* people from denial of such rights [*e.g.,* housing and employment] based on their sexual behavior or desires." (Emphasis added.) Mabon asserts that the Attorney General's language will arouse fear and is emotionally loaded. Rooney also challenges the quoted text, repeating the assertion that use of the term "sexual behavior or desires" masks the major effect of the measure, which is to affect the rights of homosexual persons.

The Attorney General asserts that the Summary would substantially comply with statutory requirements if it were modified to include specific reference to homosexual persons. *See* note 2, above (describing this position). The

Attorney General would modify the third sentence of the Summary as follows: "The measure would bar laws that protect people from denial of such rights based on their sexual behavior or desires, such as homosexuality, bisexuality or heterosexuality."

■       We do not agree with the parties' separate assertions challenging the inclusion of the second sentence describing the current state of the laws. We make no generic pronouncement on the appropriateness of such descriptions. Neither party questions the accuracy of the Summary's description of current law. The measure itself adverts to the current law when it defines the key term, "minority status," by reference to "any class or category of individuals created in the law as a special classification such as race, religion, gender, national origin, etc." By trying in the third sentence to state a major effect of the measure — *viz.*, the constitutional measure's effect on the laws ("The measure would bar laws that * * *") — the Summary does not fail to comply substantially with the statutory requirements.

■■       With respect to the third sentence, we agree with Mabon's assertion to the extent that we conclude that the concept of "protection" here can be emotionally charged and that the word is not necessary to convey the major effect of the measure. We will revise the Summary to substantially comply with the statutory requirements by removing that term. We also agree with Rooney and the Attorney General that, in the context of the 85-word Summary, where the charge is to describe the measure's major effect(s), some express mention of the measure's effect on homosexual persons is necessary for the Summary to comply substantially with the statutory requirements. We will revise the Summary to take account of that concern. Consistent with our methodology for certifying the ballot titles for these four related cases, the final wording for the Summary has been selected after application of the restrictions in ORS 250.035(2). That discussion with respect to the present measure may be found in *Rooney v. Kulongoski (Elections Division #13)*, 322 Or at 51-54.

The text of the Summary certified by this court for this measure is:

"This measure would amend the state constitution. Current laws base civil rights on classifications like race, religion,

gender, and national origin in areas such as housing and employment. The measure would bar the inclusion of homosexuality, other sexual behavior or desires, in such civil rights laws. The measure also would say that governments nonetheless could not deny constitutional rights, or licenses, permits, services, or benefits due under existing statutes."

## CONCLUSION

The following ballot title is certified for the proposed initiative measure:

### AMENDS CONSTITUTION: LIMITS LEGAL PROTECTIONS BASED ON SEXUAL BEHAVIOR, DESIRES

QUESTION: Shall state constitution bar laws defining a class of people for granting civil rights based on sexual behavior or desires?

SUMMARY: This measure would amend the state constitution. Current laws base civil rights on classifications like race, religion, gender, and national origin in areas such as housing and employment. The measure would bar the inclusion of homosexuality, other sexual behavior or desires, in such civil rights laws. The measure also would say that governments nonetheless could not deny constitutional rights, or licenses, permits, services, or benefits due under existing statutes.

Ballot title certified as modified. Decision effective pursuant to ORAP 11.30(9).

**UNIS, J.,** dissenting.

I adhere to my view that, to the extent that ORS 250.085(5) (1993) gives this court jurisdiction to draft and certify a ballot title for a proposed initiative measure that is different than the one certified by the Attorney General, that statute violates the principle of separation of powers embodied in Article III, section 1, of the Oregon Constitution. *Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting). I would, therefore, dismiss this case for lack of jurisdiction.

Durham, J., joins in this dissenting opinion.