Submitted on the record February 7, ballot title referred to Attorney General for modification March 23, modified ballot title certified April 9, 2007 (342 Or 634)

David J. HUNNICUTT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S54355)

155 P3d 870

David J. Hunnicutt, Tigard, filed the petition and reply brief *pro se.*

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

KISTLER, J.

**KISTLER, J.**

Petitioner seeks review of the Attorney General's certified ballot title for Initiative Petition 58 (2008). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot titles). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

If enacted, Initiative Petition 58 would add the following text to the Oregon Revised Statutes:

"Section 1. Farmland Preservation: Laws preserving farmland for farm uses shall be enforced, and government need not pay for compliance with such laws.

"Section 2. Single dwelling exception: A property owner may build a single family dwelling on the owner's homestead tract if that owner could have built a single family dwelling on the homestead tract under the land use laws in effect when the owner acquired the homestead tract. Only one new dwelling per property owner is authorized by this section.

"Section 3. Definitions: (1) 'Law' or 'laws' includes both statutes and regulations. (2) 'Homestead tract' means a tract as defined in ORS 215.010 owned by a property owner, as that tract existed on January 1, 2005."

The Attorney General certified the following ballot title for Initiative Petition 58:

"REQUIRES ENFORCEMENT OF LAWS PRESERVING FARMLAND; ALLOWS SINGLE FAMILY DWELLING IF ALLOWED WHEN LAND ACQUIRED

"RESULT OF 'YES' VOTE: 'Yes' vote requires enforcement of laws preserving farmland for farm uses; allows single family dwelling if allowed under laws in effect when owner acquired tract.

"RESULT OF 'NO' VOTE: 'No' vote retains current law requiring government to pay compensation or waive laws preserving farmland to allow any use allowed when current owner acquired tract.

"SUMMARY: Under current law, if a land use regulation (including a regulation preserving farmland for farm use) restricts the use to which tract could have been put by present owner or by family member (defined) of present owner at time that tract was acquired, and that restriction reduces the value of the tract, the government must compensate the owner or, at its option, waive the land use regulation to allow a use allowed when the present owner acquired the property. Tract is one or more contiguous lots or parcels under same ownership. This measure prohibits waiver of laws protecting farmland; no compensation is required. Allows an exception for one new single family dwelling per tract if such dwelling was allowed when present owner acquired. Other provisions."

Petitioner challenges the caption, the "yes" vote result statement, the "no" vote result statement, and the summary.

■ A ballot title caption must contain "not more than 15 words that reasonably identif[y] the subject matter of the state measure." ORS 250.035(2)(a). Petitioner argues that the certified caption does not comply with that requirement because it fails to identify the full impact of the proposed measure. Specifically, petitioner maintains that the measure, if enacted, would partially abrogate the waiver and compensation provisions of ORS 197.352, popularly known as Measure 37. Under that statute, government entities must either compensate real property owners when certain land use regulations reduce the fair market value of their property or waive enforcement of those regulations. *See MacPherson v. DAS*, 340 Or 117, 121-22, 130 P3d 308 (2006) (explaining operation of ORS 197.352). Petitioner argues, and the Attorney General agrees, that, if the proposed measure is enacted, government entities no longer will have to choose between waiver of and compensation for land use regulations when those "[l]aws preserv[e] farmland for farm uses." Government entities would not need to "pay for compliance with [those] laws." Because the caption fails to mention that effect, petitioner argues that it is underinclusive and thus inaccurate. *See Towers v. Myers*, 341 Or 357, 361, 142 P3d 1040 (2006) (noting similar problem). The Attorney General responds that, because few jurisdictions have chosen to pay

compensation, he need not mention that aspect of the measure.

We agree with petitioner that the subject matter of the proposed measure is broader than the caption suggests. The caption states that the measure would "requir[e] enforcement of laws preserving farmland" but says nothing about the measure's effect on the compensation provision of ORS 197.352. Even if few jurisdictions have chosen to pay compensation, the effect on that compensation provision is still a significant part of the measure. The caption's failure to mention that effect renders the caption underinclusive and thus inaccurate. *See Towers*, 341 Or at 361-62 (explaining that, "[w]hen the Attorney General chooses to describe the subject matter of a proposed measure by listing some of its effects, he runs the risk that the caption will be underinclusive and thus inaccurate"). Accordingly, we refer the caption to the Attorney General for modification.

■ Petitioner also objects to the caption because it fails to signal that the word "farmland," found in both the caption and the proposed measure, is not defined in either the measure or existing law. Petitioner maintains that the word "farmland" could mean either "high-value farmland," as that phrase is defined in ORS 215.710, "agricultural land," as that phrase is defined in Statewide Planning Goal 3, or some other kind of land. Petitioner argues that, because the term is critical to the meaning of the measure and is also undefined, the caption must signal that fact to the reader. *See Morgan v. Myers*, 342 Or 165, 169, 149 P3d 1160 (2006) (noting devices that the Attorney General can use to signal critical, undefined terms).

Petitioner's argument rests on the premise that the word "farmland" has no clear meaning. The word, however, commonly means "land used or suitable for farming." *See Webster's Third New Int'l Dictionary* 824 (unabridged ed 2002) (defining that term). Moreover, the proposed measure refers to "[l]aws preserving farmland for farm uses." Considered in context, the phrase refers to all laws that preserve farmland (of whatever type) for farm uses. We need not attempt to interpret the precise contours of either the word farmland or the phrase of which it is a part to conclude that

the word, in context, is sufficiently clear that no signal of the sort that petitioner urges is necessary to achieve substantial compliance with statutory standards.

■        Petitioner challenges the caption on a third ground, arguing that the phrase "preserving farmland" is impermissibly "politically charged." *See Earls v. Myers*, 330 Or 171, 176, 999 P2d 1134 (2000) (ballot title should not contain prejudicial or politically charged terms, even if those terms are found in the proposed measure itself). We reach a different conclusion. The phrase that petitioner challenges is unlike other phrases that the court has held to be too prejudicial to include in a ballot title. *Cf. id.* ("freedom to choose"); *Marr v. Thornton*, 237 Or 503, 504, 392 P2d 458 (1964) ("right-to-work"). The phrase has a recognized meaning outside the measure, *cf. Mabon v. Keisling*, 317 Or 406, 412, 856 P2d 1023 (1993) (term "minority status" had no recognized meaning), and it is not so favorable or unfavorable that it "tend[s] more to promote or defeat passage of the measure than to describe its substance accurately," *Dirks v. Myers*, 329 Or 608, 616, 993 P2d 808 (2000). We therefore do not accept petitioner's argument.

■        Petitioner also challenges the "yes" and "no" vote result statements. ORS 250.035(2)(b) and (c) require two "simple and understandable statement[s] of not more than 25 words" that describe the result if a state measure is approved and if it is rejected. As with the caption, petitioner argues that the "yes" vote result statement should identify the proposed measure's effect on the compensation requirement of ORS 197.352. For the reasons stated above, we agree. Petitioner also argues that, as with the caption, the "yes" and "no" vote result statements should not include the phrase "preserving farmland" because it is politically charged and that they should signal that the word "farmland" is undefined. For the reasons stated above, we disagree.

        Finally, petitioner challenges the summary. ORS 250.035(2)(d) requires "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." As with the caption and "yes" and "no" vote result statements, petitioner argues that the summary should not include the phrase "preserving farmland" because

it is politically charged and that it should signal that the word "farmland" is undefined. For the reasons stated above, we disagree.[1]

Ballot title referred to Attorney General for modification.

---

[1] We have considered other challenges that petitioner makes to the ballot title and reject them without further discussion.