Submitted on the record May 14, ballot title referred to Attorney General for modification June 18, respondent's petition for reconsideration filed June 23 allowed by opinion July 16, 2009
See 346 Or 520, 212 P3d 1264 (2009)

Jerry CARUTHERS
and Larry Wolf,
*Petitioners,*

*v.*

John R. KROGER,
Attorney General,
State of Oregon,
*Respondent.*

(SC S057318)

210 P3d 882

Thomas K. Doyle, Bennett, Hartman, Morris & Kaplan LLP, Portland, filed the petition for petitioners.

Douglas F. Zier, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the memorandum were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

WALTERS, J.

**WALTERS, J.**

Petitioners challenge the ballot title for Initiative Petition 37 (2010). *See* ORS 250.085(5) (describing procedure for challenging Attorney General's certified ballot title). We agree with one of petitioners' challenges and, therefore, refer the ballot title to the Attorney General for modification.

■ Initiative Petition 37 (2010), if adopted, would amend the Oregon Constitution to require that "no measure which would increase or require an increase in ad valorem property taxes in excess of $1 million may appear on the ballot, except in a General Election." The proposed constitutional amendment provides that "a measure shall be deemed to increase property taxes in excess of $1 million, if the total amount of taxes to be levied against all subject properties for the life of the obligation, including the principle [*sic*] and interest thereon, exceeds $1 million."

The Attorney General certified the following ballot title for the proposed amendment:

"AMENDS CONSTITUTION: MEASURES INCREASING AD VALOREM PROPERTY TAXES OVER ONE MILLION DOLLARS ALLOWED ONLY AT GENERAL ELECTION

"RESULT OF 'YES' VOTE: 'Yes' vote requires all measures increasing ad valorem property taxes beyond one million dollars over life of obligation to appear only on general election ballot.

"RESULT OF 'NO' VOTE: 'No' vote retains current law allowing approval of measures increasing ad valorem property taxes at election with fifty-percent voter participation or at general election.

"SUMMARY: Amends constitution. Current 'double-majority' law allows measures increasing ad valorem property taxes to be approved only at election where at least fifty percent of registered voters cast ballots or at general election in November of even-numbered year. Property tax measures raise money for local government services, including schools, law enforcement, libraries, parks, other uses. Measure requires proposals increasing ad valorem property taxes, where total amount of taxes expected to be levied against all subject properties for life of obligation

exceeds one million dollars, to appear only on general election ballot; applies to renewal of existing property taxes. Proposals for property tax increases of lower amounts still could appear in other elections and would remain subject to existing 'double-majority' approval requirement. Other provisions."

Petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). Petitioners challenge the caption of the Attorney General's ballot title and assert that it does not correctly identify the subject matter of the amendment, as ORS 250.035(2)(a) requires, and instead is misleading. Petitioners relatedly challenge the "yes" and "no" vote result statements.

The proposed constitutional amendment applies to measures that increase property taxes, when the taxes to be levied against all subject properties are expected to exceed $1 million *over the life of obligation*. Petitioners assert that the caption does not make the emphasized point, *viz.*, that the $1 million threshold refers to the aggregate taxes that a measure is expected to generate over the entire period of their payments. By referring to the $1 million threshold without that specification, petitioners assert, voters could conclude, incorrectly, that the proposed constitutional amendment would apply to only measures that levy taxes of more than $1 million in a single year. Further, petitioners argue, the $1 million threshold is meaningless—most tax proposals are expected to generate an aggregate of more than $1 million; therefore, under the measure, only the rare tax proposal could be considered other than at a general election.

This court reviews a challenge to a ballot title caption to determine whether the caption "substantially compl[ies]" with statutory requirements. ORS 250.085(5). "The caption must state or describe the proposed measure's subject matter accurately, and in terms that will not confuse or mislead potential petition signers and voters." *Kain/ Waller v. Myers*, 337 Or 36, 40, 93 P3d 62 (2004) (internal quotation marks omitted). The caption "must identify the proposed measure's subject matter in terms that will, *inter alia*,

inform potential petition signers and voters of the sweep of the measure." *Terhune v. Myers*, 342 Or 475, 479, 154 P3d 1284 (2007). As this court noted in *Rogers v. Myers*, 344 Or 219, 223 n 1, 179 P3d 627 (2008), the informational function of the caption takes on particular importance in light of ORS 254.175(2), which, since 1995, has authorized county clerks to print ballots without displaying the summary of the certified ballot title. Or Laws 1995, ch 534, § 1a.

■  To be accurate, a caption must not "understate or overstate the scope of the legal changes that the proposed measure would enact." *Kain/Waller*, 337 Or at 40. We recognize that that is a difficult proposition when the caption must be limited to 15 words (excluding the words "Amends Constitution"). ORS 250.035(2)(a). However, we agree with petitioners that, in this instance, the caption contains either too much or too little information and therefore is misleading. Without further explanation, the caption's reference to "one million dollars" is likely to produce voter confusion. The Attorney General should either eliminate the reference to the $1 million threshold or clarify that the proposed constitutional amendment would require that measures increasing property taxes more than $1 million over the life of the obligation be considered at only general elections. We therefore refer the caption to the Attorney General for modification.

■  Petitioners also challenge the caption as failing to indicate that it is the voters who are restricted by the measure and who therefore are the "true subject" of the measure. Certainly, it is the voters who will vote on measures that are subject to the proposed constitutional amendment, but we do not agree that the caption for this initiative must directly state that operative fact to satisfy the requirements of ORS 250.035(2)(a).

Petitioners' challenges to the "yes" and "no" vote result statements in the certified ballot title are not well-taken. Petitioners contend that those statements contain flaws that are similar to those in the caption. However, the "yes" and "no" statements adequately inform petition signers and voters that the changes that the measure would impose apply only to measures that seek to increase property taxes

beyond $1 million "over life of obligation." We also reject petitioners' argument that the phrase "appear only on a general election ballot" used in the "yes" statement is inaccurate because the proposed amendment does not require that any measure appear on the ballot. Petitioners' correct statement that the initiative does not require that any measure appear on the ballot does not render the "yes" statement inaccurate. Sensibly read, the "yes" statement correctly informs petition signers and voters that, when a tax measure does appear on a ballot, it must be on a *general election* ballot. That reading is correct. We therefore refer the certified ballot title to the Attorney General for modification of the caption alone.

The ballot title is referred to the Attorney General for modification.